IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

CHRISTOPHER EVERETT
ADC #152664                                                                                    PLAINTIFF

V.                          CASE NO. 1:19-cv-102-JM-BD

LARRY RING, *et al*.                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the finding or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. If parties do not file objections, they may waive the right to appeal questions of fact.

### II.   Background

Plaintiff Christopher Everett filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 1) Mr. Everett claims that on June 3, 2019, Defendants Tate and Tate used excessive force against him while he was detained in the Independence County Jail (ICJ). He further claims that Defendants Wilson and Stevens failed to protect him from the Tates' use of excessive force and failed to take corrective action after the

incident. He also claims that all Defendants denied him adequate medical care after the incident. (Doc. Nos. 1, 9, 28)

Defendants have moved for summary judgment, contending that Mr. Everett failed to exhaust his administrative remedies prior to filing suit. (Doc. No. 51) Mr. Everett has responded to the motion, asserting that he filed a grievance on June 4, 2019, but never received a response. (Doc. No. 56)

### III.   Discussion

Courts must dismiss any claim that a prisoner-plaintiff did not fully exhaust before filing a complaint under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

Under the ICJ's grievance policy, if an inmate cannot resolve a problem verbally, he or she may fill out a grievance form and return it to a jail officer. (Doc. No. 53-5, p.3) The jail officer ensures that a written response is forwarded to the inmate and maintains a separate file with a copy of the grievance. (Doc. No. 53-5, p.3) If the inmate is not satisfied with the response, the inmate may appeal. (Doc. No. 53-5, p.5) The response by the sheriff or chief deputy is the final step of the grievance process. (Doc. No. 53-5, p.5)

In support of their motion, the Defendants attach the affidavit of Aaron Moody, custodian of records for the ICJ. (Doc. No. 53-1) Mr. Moody attests: "I have reviewed the records and find no record of the Plaintiff filing a grievance or otherwise using the

2

Independence County Detention Center Grievance Procedure concerning his claim that he was subjected to a constitutional violation on June 3, 2019. Specifically, Plaintiff did not complain that excessive force was used against him on June 3, 2019, that he lacked adequate medical care on that date, or that the Defendants were in any way deliberately indifferent to his health or safety on June 3, 2019." (Doc. No. 53-1, p.2)

In his response to the motion, Mr. Everett insists that he *did* file a grievance on June 4, 2019, but never received a response.[1] (Doc. No. 56) On April 29, 2020, Mr. Everett filed a motion to compel Defendants to produce a June 4 video recordings of his conversation with Defendant Wilson in the ICJ interview room. (Doc. No. 55) According to Mr. Everett's motion to compel, the video recording would "prove that [he] did in fact file a grievance" on June 4 complaining about the June 3 incident. (Doc. No. 55, Doc. No. 56) The Court granted the motion to compel, and the Defendants produced the requested video recording. (Doc. No. 60, Doc. No. 62)

The Court has reviewed the June 4 recording. It shows Mr. Everett walking into an interview room where Defendant Wilson is sitting at a desk. Mr. Everett sits in the chair facing Defendant Wilson and orally reports that he was "taken out" and slammed to the

---

[1] Mr. Everett also argues that he also filed a grievance about these issues on April 25, 2020. (Doc. No. 56, p. 3) Because he filed this lawsuit on October 19, 2019, grievances filed after that date cannot be considered here. Prisoners must exhaust grievances *before* filing a federal lawsuit.

3

ground by officers on June 3. He also complained about various other issues during this conversation with Defendant Wilson.[2] (Doc. No. 62)

The problem for Mr. Everett is that the video does not prove—or even hint—that he filed a grievance on June 4 or at any other time. At no point in the recording does Mr. Everett ask for a grievance form, fill out a grievance form, or leave the interview room with a grievance form.

The video recording *does* show Mr. Everett complaining orally to Defendant Wilson about the June 3 incident; but it does not lend any weight to his suggestion that he submitted a written grievance on June 4—either before, during, or after his visit with Defendant Wilson. Under the ICJ's grievance policy, Mr. Everett was obligated to submit a written grievance about the June 3 incident before filing a lawsuit. He has not come

---

[2] Mr. Everett began the conversation by stating that he wanted to leave ICJ. Defendant Wilson explained that he could not leave ICJ at this time. Defendant Wilson then asked, "Mr. Everett how many times have I told you, all you have to do when a guard asks you to do something is just do it?" He responded that he had asked repeatedly to talk to Defendant Wilson the day before. Defendant Wilson responded that she had refused because Mr. Everett had been "acting out" by squirting toothpaste on the floor and kicking and beating on a door. Mr. Everett denied acting out and told Defendant Wilson that he was "taken out" yesterday and slammed on the floor. Defendant Wilson asked him if he was resisting at the time. Mr. Everett said that he was not. He then complained about going to court and his lawyer's performance. He also complained about a wound and said that he would beat up any guard who came into his cell. Mr. Everett stated that the charges against him should be dropped because "they beat the shit out of me the day I came in." At that point, the conversation was interrupted by medical personnel who came to treat injuries to Mr. Everett's face. After medical personnel left, Defendant Wilson asked if there was anything else Mr. Everett wanted to say. Mr. Everett said something inaudible, and Defendant Wilson asked him if that was a threat. Mr. Everett responded that it was a threat and walked out of the room. (Doc. No. 62)

4

forward with any evidence to contradict Mr. Moody's sworn statement or to support his assertion that he ever submitted a written grievance about the June 3 incident.

## IV. Conclusion

The Court recommends that Defendants' motion for summary judgment (Doc. No. 51) be GRANTED. Mr. Everett's lawsuit should be DISMISSED, without prejudice, for failure to exhaust administrative remedies before filing this lawsuit. The motions to accept grievances filed after the date Mr. Everett filed this lawsuit (Doc. Nos. 59, 64) should be denied as moot.

DATED this 10th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE